**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



INTEGRAL DEVELOPMENT
CORPORATION, a California
corporation,

Plaintiff-Appellant,

v.

VIRAL TOLAT, an individual,

Defendant-Appellee.

No.   14-16629

D.C. No. 4:12-cv-06575-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued July 8, 2016
Submitted January 11, 2017
San Francisco, California

Before: BERZON and N.R. SMITH, Circuit Judges, and CHRISTENSEN,[**] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dana L. Christensen, United States Chief District
Judge for the District of Montana, sitting by designation.

Integral Development Corporation ("Integral") appeals the district court's grant of summary judgment in favor of Viral Tolat, Integral's former Chief Technology Officer. We review de novo the district court's grant of summary judgment. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm in part, reverse in part, vacate in part, and remand.

**1.** To succeed on a claim for misappropriation of trade secrets under the California Uniform Trade Secret Act ("CUTSA"), Integral must show three things: (1) it possessed a trade secret; (2) Tolat misappropriated the trade secret; and (3) Tolat's misappropriation caused or threatened damage to Integral. *See Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27, 38 (Cal. Ct. App. 2010), *disapproved of on other grounds by Kwikset Corp. v. Superior Court*, 246 P.3d 877 (Cal. 2011). In establishing that certain information qualifies as a trade secret, a plaintiff first must clearly identify the information. *See id.* The plaintiff must also show that the information communicates ideas or facts to another.[1] *Id.* Finally, a plaintiff must show that it took reasonable steps to maintain the secrecy of that

---

[1] CUTSA does not protect "ideas." Rather it protects the information that "communicate[s] . . . the idea or fact to another." *Silvaco*, 109 Cal. Rptr. 3d at 38. That information may take the form of "a formula, pattern, compilation, program, device, method, technique, or process." *Id.* (quoting Cal. Civ. Code § 3426.1(d)).

information, and that the information obtained value from being kept secret. *Whyte v. Schlage Lock Co.*, 125 Cal. Rptr. 2d 277, 286–87 (Cal. Ct. App. 2002).

Integral has identified three sets of information that it claims are trade secrets that Tolat misappropriated: (1) facts about Integral's business that Tolat included in a resume he sent to EBS, one of Integral's competitors; (2) Integral's source code for its products; and (3) business documents containing, *inter alia*, customer lists and details about ongoing projects. Integral has failed to present any evidence that it suffered damages as a result of Tolat disclosing facts about Integral in his resume or as a result of Tolat copying and retaining Integral's business files. There is no evidence in the record that Integral suffered actual losses from these actions, or that any of Integral's competitors were unjustly enriched as a result of these actions. *See* Cal. Civ. Code § 3426.3(a). Therefore, the district court properly granted summary judgment in favor of Tolat on Integral's CUTSA claim, to the extent it is based on the information contained in Tolat's resume or the business files Tolat allegedly copied and retained.

However, Integral's CUTSA claim based on the misappropriation of its source code should have survived summary judgment. First, Integral met its burden on the question of whether the source code is a trade secret under CUTSA. There is evidence in the record that Tolat copied at least a portion of Integral's

source code on to an external hard drive, in violation of Integral's policies, on November 5, 2012, shortly before he planned to retire from Integral. There is also evidence that, on this date, Tolat copied only the recent updates in the source code to the external hard drive and that he tried to cover up the evidence that he had transferred the files to his personal device. Based on this evidence, a fact finder could conclude that Tolat had previously copied all of Integral's source code, and that he periodically copied the updates to the code. Thus, Integral has raised a question of material fact as to whether Tolat copied all of its source code. Integral has also identified specific key aspects of its source code that it claims Tolat misappropriated. Thus, Integral sufficiently identified the information it alleges is a trade secret.

Source code, which conveys facts or ideas, qualifies for trade secret protection. *See Altavion, Inc. v. Konica Minolta Sys. Lab. Inc.*, 171 Cal. Rptr. 3d 714, 741 (Cal. Ct. App. 2014) ("[S]ource code is undoubtedly a trade secret.") (citing *Agency Solutions.com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)). Finally, the parties do not dispute that Integral took steps to maintain the secrecy of the source code or that the code obtains value from being kept secret.

Second, there is enough evidence in the record to raise a question of material fact as to whether Tolat misappropriated those portions of Integral's source code that qualify for trade secret protection. *See Whyte*, 125 Cal. Rptr. 2d at 289 ("'Misappropriation' is, generally speaking, improper acquisition of a trade secret or its nonconsensual use or disclosure.") (citing Cal. Civ. Code § 3426.1(b)). There is evidence that Tolat copied the source code shortly before he planned to leave Integral and join EBS. There is also evidence that, after Tolat joined EBS, EBS released a product—EBS Direct—that competed directly with some of Integral's products. A fact finder must determine whether Tolat actually gave Integral's source code to EBS and whether EBS used the source code to develop EBS Direct.

Lastly, there is evidence that EBS Direct cut into Integral's sales and that the resulting loss of revenue also caused Integral's equity value to decrease, satisfying Integral's burden as to damages. Because Integral has at least raised a question of material fact as to all necessary elements of a CUTSA claim (based on the alleged misappropriation of its source code), we reverse the district court's summary judgment ruling on this claim and remand.

**2.** CUTSA does preempt some claims, but it "does not affect . . . civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ.

Code § 3426.7(b).  If a breach of fiduciary duty is not "based on the same nucleus of facts as [the] trade secret misappropriation," CUTSA will not preempt the claim. *See Silvaco*, 109 Cal. Rptr. 3d at 48 (quoting *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 90 Cal. Rptr. 3d 247, 264 (Cal. Ct. App. 2009)).  Integral asserts that Tolat owed a fiduciary duty to Integral, which he breached when he shared confidential information with a competitor.  This claim does not require that the confidential information qualify as a "trade secret."  Thus, Integral's breach of fiduciary duty claim "ha[s] a basis independent of any misappropriation of a trade secret," and therefore, is not preempted by CUTSA.  *Angelica Textile Servs. Inc. v. Park*, 163 Cal. Rptr. 3d 192, 202–03 (Cal. Ct. App. 2013) (finding claim for breach of fiduciary duty was independent of trade secret claim).  Accordingly, we vacate the district court's ruling on this claim and remand the case so the district court can consider the merits.

**3.** The plain language of CUTSA also provides that it does not preempt "contractual remedies, whether or not based upon misappropriation of a trade secret."  Cal. Civ. Code § 3426.7(b)(1); *see also Angelica Textile Servs.*, 163 Cal. Rptr. 3d at 203 ("[B]reach of contract claims, even when they are based on misappropriation or misuse of a trade secret, are not displaced by [C]UTSA.").  Thus, the district court erroneously found Integral's breach of contract claim was

6

preempted by CUTSA.  Accordingly, we vacate the district court's ruling on this claim, and remand the case so the district court can consider the merits.

**4.** "Plaintiffs must satisfy two requirements to present a prima facie case of direct [copyright] infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Integral alleges that Tolat infringed on its copyright in its source code.  Integral acquired a copyright in its source code as the source code was written; it did not need to register the source code with the copyright office before a copyright existed.  *See* 17 U.S.C. §§ 101, 302(a).  As employer of the various individuals writing source code, Integral was the author of the source code and the owner.  *Id.* § 201(a)–(b).  Thus, Integral has satisfied the first requirement of a direct infringement claim.

As copyright owner, Integral has the exclusive right to "reproduce the copyrighted work in copies"; "prepare derivative works based on the copyrighted work"; and "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." *Id.* § 106(1)–(3).

Integral contends that Tolat violated its exclusive rights in its source code by copying the source code onto personal devices without authority and later distributing the copies (which Integral contends were not all deleted or returned to Integral) to EBS. The undisputed facts show that Tolat copied at least some of Integral's source code while still employed by Integral. Whether Tolat had the authority to copy the code and whether Tolat distributed the code to EBS are disputed questions of material fact that must be decided by a fact finder. Therefore, we reverse the district court's ruling on Integral's copyright claim and remand.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED.**